IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **JORDAN HUNTER**, | : |
| **Plaintiff,** | : |
| v. | : **CASE NO:** <br> : **7:22-cv-144–WLS-ALS** |
| Warden **JACOB BEASLEY**, | : |
| **Defendant.** | : |
| _____ | : |

## ORDER

On December 29, 2025, Defendant's Motion *in Limine* (Doc. 51) ("Motion") was filed. On December 30, 2025, the Court held a Pretrial Conference in this case, at which the Motion was discussed. Plaintiff had not filed a response to the Motion prior to the Pretrial Conference. During the Pretrial Conference, the Court heard arguments and discussion on the Motion, at which time Plaintiff's counsel advised that he did not expect to oppose most of Defendant's requests. To date, Plaintiff has not responded to the Motion. The Court considers briefing completed, and the Motion ripe for decision.

### I. BACKGROUND FACTS

Plaintiff Jordan Hunter is an inmate in the Georgia Department of Corrections who transferred to Valdosta State Prison ("VSP") on August 13, 2022. Warden Jacob Beasley was the Warden of VSP until his reassignment to Warden of Smith State Prison on March 1, 2023.

Plaintiff alleges that he was assigned to administrative segregation at VSP without a hearing for events that took place at his previous facility, Dodge State Prison. Plaintiff claims that Warden Beasley violated his Fourteenth Amendment procedural due process rights by placing him in administrative segregation without a hearing or required 90-day review hearings, and also his Eighth Amendment right as a prisoner to be free from cruel and unusual punishment based on the conditions of administrative segregation at VSP.

Plaintiff alleges the conditions in administrative segregation at VSP posed a substantial risk of serious harm to Plaintiff, and there is no evidence of any injury that Plaintiff suffered

as a result of being assigned to administrative segregation at VSP. Plaintiff alleges these conditions violated Plaintiff's rights.

Warden Beasley denies he violated Plaintiff's procedural due process rights or right to be free from cruel and unusual punishment.

## II. LAW AND ANALYSIS

### A. Motions *in Limine* are Disfavored and Preliminary

As an initial matter, the real purpose of a motion *in limine* is to avoid the introduction of evidence at trial that is "clearly inadmissible on all potential grounds" and could irretrievably impact the fairness of the trial. *Royal Marco Point 1 Condo. Ass'n v. QBE Ins. Corp.*, No. 2:07-cv-16-FtM-99SPC, 2011 WL 470561, at *2 (M.D. Fla. Feb. 2, 2011) (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)). Indeed, because the context at trial often determines the admissibility of evidence, "[i]n limine rulings to admit or exclude evidence are always preliminary and conditioned on what the evidence shows at trial." *Rosenfeld v. Oceania Cruises, Inc.*, 682 F.3d 1320, 1325 (11th Cir. 2012) (Tjoflat, J., dissenting from denial of reh'g en banc (citing *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) ("[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial."))). And relevance is intentionally a broad concept— "[e]vidence is relevant if it has any tendency to make a [consequential] fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. This means that various types of evidence could potentially be relevant at trial notwithstanding a movant's *in limine* position. Furthermore, a trial court can promptly instruct a jury to disregard improper testimony or inadmissible evidence, and "'[i]n many such cases the jury can and will follow the trial judge's instructions to disregard such information.'" *United States v. Astling*, 733 F.2d 1446, 1455 (11th Cir. 1984) (quoting *Bruton v. United States*, 391 U.S. 123, 135 (1968)); *United States v. Fuentes*, 521 F. App'x 911, 911 (11th Cir. 2013) (per curiam).

As such, the Court disfavors motions *in limine* and retains the discretion to change any rulings on evidence made herein based on a party's objection, evidence, or argument at trial. However, no counsel, party, or witness may reference excluded evidence before counsel first notices the Court and opposing counsel outside of the presence of the jury and obtains the Court's ultimate ruling regarding the same. Counsel shall also accordingly instruct their

2

witnesses. Counsel shall make proper and timely objection at trial as to any evidence or argument they consider inadmissible or improper.

> Motions in limine exist to help narrow and define the questions that will be presented at trial and to assist the trial court and counsel in preparation for and execution of the trial.
>
> Further, motions in limine can be useful in avoiding even the passing mention in front of the jury of improper or inadmissible matters that are particularly prejudicial. *A motion in limine that essentially asks the trial court to follow the law does not accomplish any of those ends.*

*Williams v. Harvey*, 858 S.E.2d 479, 492 (Ga. 2021) (Bethel, J. concurring) (emphasis added).

Counsel shall make proper and contemporaneous objection at trial as to any evidence or argument they consider inadmissible. *See Cephus v. CSX Transp., Inc.*, 771 F. App'x 883, 894-95 (11th Cir. 2019) (per curiam) (finding that a party should promptly object to suspected violations of a motion *in limine* order unless objection would clearly be futile).

With this background, the Court turns to the pending Motion *in Limine*.

## III.  MOTION

Defendant's Motion lists five subjects on which Defendant requests Plaintiff be precluded from offering evidence during the trial of this matter.

### A.  Evidence Regarding Other Claims and Other Parties

Defendant contends that Plaintiff's initial complaint (Doc. 1) contained several claims against the "defendants," and that arguments, testimony or other evidence regarding other claims are irrelevant to the two remaining claims; *i.e.*, Plaintiff's claim that he was placed in administrative segregation on August 13, 2022, without due process and his claim related to the conditions of confinement. (Doc. 51-1 at 1). Defendant was and is the only named Defendant in this case, and except for the denial of Plaintiff's motion for a preliminary injunction, Plaintiff was permitted to go forward with the only two claims raised in his Complaint. (*See* Order & Recommendation (Doc. 5) and Order adopting that recommendation (Doc. 9)). Defendant does not state with specificity the substance of the argument, testimony, and evidence he seeks to exclude but cites generally to the complaint (Doc. 1).

Based on the foregoing and upon full review and consideration of the Record, the Motion, and considering the arguments of counsel, the Court finds that Defendant's Motion

3

to preclude evidence regarding other claims and other parties where none are specifically identified by Defendant, is **DENIED, WITHOUT PREJUDICE**. The burden remains on Defendant to make timely objection to any such matter actually raised at trial.

### B. "Other Act" Evidence

Defendant seeks to preclude Plaintiff from attempt to present evidence or elicit testimony accusing Defendant of other bad acts in an effort to show a propensity to fail to protect Plaintiff. Defendant contends such evidence is irrelevant and that it should be excluded as improper character evidence. Defendant concedes, however, that such evidence may "be admissible for other purposes, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." (Doc. 51-1 at 2).

Based on the foregoing and upon full review and consideration of the Record, the Motion, and considering the arguments of counsel, the Court finds that Defendant's Motion to preclude evidence relating to any of Defendant's "other acts" is **DENIED IN PART and GRANTED IN PART**, such that prior to introducing evidence relating to Defendant's "other acts," Plaintiff shall lay a proper foundation that such evidence is relevant. Such foundation shall be presented on proper notice to opposing counsel and the Court, and outside of the hearing of the jury. Counsel shall make no reference to any such evidence in the presence of the jury pending proper notice and ruling by the Court. Counsel shall likewise so instruct witnesses.

### C. Evidence regarding Policies of State of Georgia and/or Georgia Department of Corrections

Neither the State of Georgia nor the Georgia Department of Corrections ("GDOC") is a named party to this lawsuit. Defendant seeks to exclude, as improper, any evidence of unrelated actions or allegations against, or issues within, the State of Georgia or GDOC. Defendant contends such evidence could improperly influence the jury by suggesting Defendant's liability by association. Defendant contends such evidence is irrelevant, prejudicial, and misleading.

In addition, Defendant seeks to preclude Plaintiff from introducing evidence that Defendant or other officers violated GDOC's policies and/or procedures. Defendant contends that violation of such policies and procedures does not amount to a constitutional

4

violation, and thus such testimony is irrelevant, inadmissible, and unfairly prejudicial. Defendant has not identified any specific evidence expected to be presented by Plaintiff, the mention of which is prejudicial to the Defendants, that cannot be adequately addressed by objection and/or curative instructions. Further, although a policy or practice may not be conclusive proof of a constitutional violation, they may yet, upon proper proof, be relevant.

Based on the foregoing and upon full review and consideration of the Record, the Motion, and considering the arguments of counsel, the Court finds that Defendant's Motion to preclude evidence relating to the policies of the State of Georgia or GDOC, or evidence that Defendant violated such policies, is **DENIED IN PART and GRANTED IN PART**, such that prior to introducing such evidence, Plaintiff shall lay a proper foundation that such evidence is relevant. Such foundation shall be presented on proper notice to opposing counsel and the Court, and outside of the hearing of the jury. Counsel shall make no reference to any such evidence in the presence of the jury pending proper notice and ruling by the Court. Counsel shall likewise so instruct witnesses.

### D.     Hearsay

Defendant next argues that testimony must be based on personal knowledge of the witness, and requests that Plaintiff be precluded from offering hearsay evidence. A motion that essentially asks the Court to require opposing party to comply with the Federal Rules of Evidence, or that the Court follow the law, does not serve the purposes of a motion *in limine*. *Williams*, 858 S.E.2d at 492 (Ga. 2021).

Accordingly, the Defendant's Motion to preclude Plaintiff from presenting hearsay evidence is **DENIED, WITHOUT PREJUDICE**. The Defendant can and may raise such objection, to the extent appropriate, as it relates to specific testimony offered by Plaintiff at trial.

### E.     Insurance Coverage

Defendant next argues that evidence that Defendant is insured against liability is irrelevant, prejudicial, and inadmissible as it relates to Defendant's potential liability to Plaintiff. Defendant requests that Plaintiff be precluded from mentioning insurance coverage, including any reference to the Department of Administrative Services or other entity which

5

Plaintiff perceives is or may be involved with liability insurance coverage or settlement of claims in this action.

> Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control.

Fed. R. Evid. 411.

Again, a motion that essentially asks the Court to require opposing party to comply with the Federal Rules of Evidence, or that the Court follow the law, does not serve the purposes of a motion *in limine*. *Williams*, 858 S.E.2d at 492 (Ga. 2021).

Accordingly, the Defendant's Motion to preclude Plaintiff from presenting evidence that Defendant is insured against liability is **DENIED IN PART, WITHOUT PREJUDICE**. Defendant can and may raise such objection, to the extent appropriate, as it relates to specific testimony offered by Plaintiff at trial. The Court notes, however, that the evidence of insurance is generally inadmissible to prove liability and irrelevant. Therefore, the burden is upon the proponent of such evidence to first show relevance and proper grounds for admission upon notice to opposing counsel and the Court outside the presence of the jury. Counsel shall make no reference to any such evidence in the presence of the jury pending proper notice and ruling by the Court. Counsel shall likewise so instruct witnesses.

### IV. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that Defendant's Motion *in Limine* (Doc. 51) is **DENIED IN PART and GRANTED IN PART**, as specifically set forth above.

**SO ORDERED**, this 27th day of January 2026.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**